UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00579-RJC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| ARTHUR T. STOVER, and GIGI STOVER ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court upon Plaintiff United States of America's Motion for Default Judgment against Defendants Arthur T. Stover and Gigi Stover, pursuant to Federal Rule of Civil Procedure 55(b)(1) & (2), (Doc. No. 8); and Defendants' Motion to Set Aside Entry of Default and corresponding memorandum pursuant to Federal Rule of Civil Procedure 55(c), (Doc. Nos. 10, 11). The Court has also considered Plaintiff's Response (Doc. No. 12) and Defendants' Reply (Doc. No. 13). The matters are now ripe and ready for the Court's decision.

**I.  BACKGROUND**

In September 2018, Defendants engaged Steven F. Jacob, CPA, to discuss Defendants' federal income tax liability. (Doc. No. 11 at 1). After Defendants engaged Mr. Jacob as their tax professional, the IRS filed a request to foreclose on Defendants' home for outstanding balances owed to the federal government for income taxes for years 2007, 2010, 2011, 2012, 2013, and 2014. Id. Defendants assert that the statute of limitations for collecting outstanding federal taxes bars collection of taxes from 2007. Id. Defendants do not debate their tax liability for any other

1

years. See id. at 1–2.

On October 20, 2020, the United States of America, at the request of the Chief Counsel of the IRS, filed a Complaint in the instant case against Defendants alleging unpaid federal income taxes totaling $412,432.16 for years 2007, 2010, 2011, 2012, 2013, and 2014. (Doc. No. 1 at 1–2).

On October 26, 2020, Defendants were served with two copies of the summons and complaint. (Doc. No. 8 at 1). Two days later, Defendants' accountant, Mr. Jacob, communicated with counsel for the United States regarding the instant case after Mr. Jacob faxed an executed Form 2848 showing that he represented Defendant Arthur T. Stover for all his income tax liabilities. (Doc. No. 12 at 2). The deadline for filing an answer was November 16, 2020. (Doc. No. 12 at 1). After Defendants failed to file an answer, Plaintiff moved for entry of default on December 9, 2020, (Doc. No. 6), which was entered against Defendants the following day, (Doc. No. 7).

On December 21, 2021, eleven days after entry of default against them, Defendants engaged the legal services of Mr. Moyer. (Doc. No. 11 at 2). Over a month later, Plaintiff filed a Motion for Default Judgment on January 25, 2021. (Doc. No. 8). Three days later, on January 28, 2021, Defendants filed a notice of appearance and Motion to Set Aside Entry of Default. (Doc. Nos. 9–11). Plaintiff then filed a Response in opposition to Defendants' Motion to Set Aside Entry of Default, (Doc. No. 12), and Defendants thereafter filed a Reply to Plaintiff's Response, (Doc. No. 13). Plaintiff's Response and Defendants' Reply provide additional facts and argument regarding whether there is "good cause" under Federal Rule of Civil Procedure 55(c) to relieve Defendants' default.

2

After reviewing the parties' motions and corresponding filings, the Court finds that Defendants have shown good cause under Rule 55(c) and will grant Defendants' Motion to Set Aside Entry of Default and will deny Plaintiff's Motion for Default Judgment.

## II. LEGAL STANDARD

Rule 55(a) of the Federal Rules of Civil Procedure states that when a defendant fails to plead or otherwise defend his case "the clerk must enter the [defendant] party's default." Fed. R. Civ. P. 55(a).

After the clerk enters a default, the party may seek a default judgment under Rule 55(b), which "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). Default judgments are generally disfavored in the Fourth Circuit. See, e.g., Tazco, Inc. v. Dir., OWCP, 895 F.2d 949, 950 (4th Cir. 1990).

Rule 55(c) further explains that "[t]he court may set aside entry of default for good cause." Fed. R. Civ. P. 55(c). A district court has broad discretion in deciding whether to set aside a Clerk's entry of default. Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967) (holding "[t]he disposition of motions made under Rules 55(c) and 60(b) is a matter which lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court."). Indeed, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969).

The Fourth Circuit noted several factors for district courts to consider in deciding whether to set aside default entries for good cause, including: (1) "whether the moving party has

3

Case 3:20-cv-00579-RJC-DCK    Document 14    Filed 08/24/21    Page 3 of 8

a meritorious defense," (2) "whether it acts with reasonable promptness," (3) "the personal responsibility of the defaulting party," (4) "the prejudice to the party," (5) "whether there is a history of dilatory action," and (6) "the availability of sanctions less drastic." <u>Payne ex rel. Estate of Calzada v. Brake</u>, 439 F.3d 198, 204–05 (4th Cir. 2006).

### III. DISCUSSION

Both parties argue whether good cause exists under Rule 55(c) to set aside the entry of default based on the factors set out immediately above. (Doc. Nos. 10–13). Accordingly, each factor will be analyzed in turn and weighed to determine if good cause exists.

#### A. Meritorious Defense

Defendants argue that they have a meritorious defense because their liability for federal income taxes from 2007, which accounts for $304,956.78 or approximately 75% of Defendants' total alleged tax liability, is time-barred under 26 U.S.C. § 6502(a) and no longer collectible. (Doc. No. 1 at 2; Doc. No. 11 at 3; Doc. No. 13 at 2). Defendants thus argue that their tax liability is considerably lower than that alleged by Plaintiff. Plaintiff's argument is bifurcated. First, Plaintiff notes that Defendants failed to proffer a meritorious defense as to their tax liabilities for years 2010, 2011, 2012, 2013, and 2014. (Doc. No. 12 at 3–4). Second, Plaintiff argues that Defendants' failed to proffer a meritorious defense for their 2007 tax year liability as the evidence proffered is legally irrelevant, incorrect, and lacking as it amounts to only a "proffer of a proffer." (Doc. No. 12 at 3–5).

A meritorious defense can be established if "there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." <u>See</u> <u>Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.</u>, 843 F.2d 808, 812 (4th Cir. 1988) (internal citations

4

omitted). In Augusta Fiberglass, the district court found that the defendant had presented a meritorious defense, even though the alleged defenses and counterclaims addressed only the amount of plaintiff's claims. Id. Like in Augusta Fiberglass, Defendants' argument—that their tax liability from 2007 is time-barred—addresses the amount of Plaintiff's claim, and, if Defendants are successful, the outcome of the case would be different that the result achieved by a default judgment. Accordingly, this factor weighs in favor of Defendants.

### B. Reasonable Promptness

Defendants argue that they acted with reasonable promptness by filing their motion to set aside entry of default less than two months after default was entered and within approximately a month after securing legal representation. (Doc. No. 11 at 3). As support, Defendants cite to Vick v. Wong, 263 F.R.D. 325, 330 (E.D. Va. 2009) in their Reply. (Doc. No. 13 at 4). In Vick, the court found that reasonable promptness weighed in favor of the defendant when the defendant filed nothing for more than two months after default was entered but filed an affidavit only a few weeks after plaintiff's motion for default judgment. Vick, 263 F.R.D. at 330. Defendants also cite to Casillas which shows that a defendant acted with reasonable promptness by filing a motion to set aside default within 38 days of default. J & J Sports Prods., Inc. v. Casillas, 2013 WL 784544, at *3 (M.D.N.C. Mar. 1, 2013).

Plaintiff argues that Defendants failed to act with reasonable promptness as Defendants took 56-days after being served to retain counsel and, even after retaining counsel, took 38-days to enter an appearance and file a motion to set aside default. (Doc. No. 12 at 6).

To determine whether a party acted with reasonable promptness, that party's actions must be "gauged in light of the facts and circumstances of each occasion." Moradi, 673 F.2d at 727.

5

Here, Defendants communicated with counsel for Plaintiff through their accountant, but failed to make an appearance in the case before default. Within two weeks after default was entered, Defendants engaged legal representation. However, it took 38-days after default for Defendants' to enter an appearance and file a Motion to set Aside Default. Notwithstanding, Defendants promptly filed their Motion to Set Aside Default only three days after Plaintiff filed its Motion for Default Judgment. While Defendants may not have acted promptly in responding to default, Defendants promptly responded to Plaintiff's Motion for Default Judgment. Moreover, the general timeframe in the instant case falls within other similar cases that found there was reasonable promptness. Accordingly, this factor weighs in favor of Defendants.

### C. Personal Responsibility of Defendants

"Defendants concede they are personally responsible for the default," but argue that, at the time of default, they were not represented by an attorney and mistakenly and naively thought communication between their accountant and opposing counsel constituted an appearance. (Doc. No. 11 at 4). Plaintiff notes that this factor should weigh against Defendants as Defendants admitted responsibility. (Doc. No. 12 at 6).

There is no dispute Defendants were personally responsible. However, Defendants naivete and then-pro se status mitigate their culpability. Accordingly, this factor only slightly weighs in favor of Plaintiff.

### D. Prejudice to Plaintiff

Defendants argue that no prejudice to Plaintiff occurred from the default as no evidence or witness testimony has been lost. (Doc. No. 11 at 4). Plaintiff agrees that no evidence or testimony was lost but argues that it was prejudiced by spending resources. (Doc. No. 12 at 7).

Plaintiff further requests attorneys' fees for costs incurred in drafting its Motion for Default Judgment and Opposition to Defendants' Motion to Set Aside Entry of Default.  Id.

Prejudice exists if circumstances have changed since the entry of default so as to materially impair Plaintiff's ability to litigate its claims.  See Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987) (finding prejudice exists where the delay renders unavailable, for example, a witness's testimony, presentation of evidence or records).  Here, Plaintiff has suffered no evidentiary burdens resulting from the default.  And Plaintiff's resources in drafting a single motion and opposition do not rise to the level of prejudicial.  Accordingly, this factor weighs in favor of Defendants.  The Court also denies Plaintiff's request for attorneys' fees.

### E. History of Dilatory Action

Defendants' argue that no evidence exists showing the failure to appear was a result of a dilatory action.  (Doc. No. 11 at 4).  Plaintiff argues that Defendants were aware of the statute of limitations defense for several months and that even after retaining counsel it took Defendants' another 38 days to enter an appearance.  (Doc. No. 12 at 7).  In response, Defendants' note that knowing about a defense is immaterial and argue that the parties had settlement discussions in the period of time between when defense counsel was engaged and the filing of an appearance. (Doc. No. 13 at 6).

Here, Defendants' knowledge of a potential statute of limitations defense is immaterial to showing a history of dilatory action.  However, Defendants' counsel's failure to make an appearance and file a Motion to Set Aside Default for 38 days after engagement may be evidence of dilatory action.  However, this is mitigated by settlement discussions between the parties during the 38-day period and the fact that Defendants' quickly filed a Motion to Set Aside Entry

of Default only three days after Plaintiff's Motion for Default Judgment. Accordingly, this factor is neutral.

### F. Less Drastic Sanctions

Defendants' argue that less drastic sanctions exist, such as a discretionary award of attorneys' fees to Plaintiff for actions related to the default. (Doc. No. 13 at 6–7). Plaintiff disagrees. (Doc. No. 12 at 7). This Court agrees that less drastic sanctions exist than a default judgment. Accordingly, this factor weighs in favor of Defendants.

In sum, the weight of the factors show there is good cause to set aside Defendants' entry of default under Rule 55(c).

## IV. CONCLUSION

Good cause exists to set aside Defendants' entry of default.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Default Judgment, (Doc. No. 8), is **DENIED**;
2. Defendants' Motion to Set Aside Entry of Default, (Doc. No. 10), is **GRANTED**; and
3. Plaintiff's Request for Attorneys' Fees, (Doc. No. 12 at 7), is **TAKEN UNDER ADVISEMENT**.

Signed: August 24, 2021

Robert J. Conrad, Jr.
United States District Judge